[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 5, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-14252
Non-Argument Calendar

_____

D. C. Docket No. 06-00013-CR-FTM-29-SPC

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DANYEL D. LAWSTON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(June 5, 2007)

Before TJOFLAT, DUBINA and CARNES, Circuit Judges.

PER CURIAM:

Danyel D. Lawston appeals his 21 U.S.C. §§ 846 conviction for conspiring

to possess with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1). Lawston asks that we reverse his conviction on the ground that the Government failed to prove its case, and direct the district court to enter a judgment of acquittal. Alternatively, he seeks a new trial on the ground that the court improperly permitted the Government to introduce prior bad act evidence under Federal Rule of Evidence 4049b). We consider these issues in order.

## I.

In determining whether the district court should have taken this case from the jury, we consider the evidence in the light most favorable to the jury's verdict and ask whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." United States v. Gupta, 463 F.3d 1182, 1193-94 (11th Cir. 2006). To obtain a conviction under 21 U.S.C. § 846, the government must establish that (1) a conspiracy existed, (2) the defendant had knowledge of it, and (3) he voluntarily became a part of it. Engaging in a simple "buy-sell" drug transaction is generally not sufficient to support a § 846 conspiracy conviction. United States v. Bascaro, 742 F.2d 1335, 1359 (11th Cir. 1984). Accordingly, where the evidence only established that the defendant had made several purchases of four to eight grams of cocaine at a time from the seller and the seller did not know of the buyer (1) selling to anyone, (2) performing drug-related

2

errands, or (3) collecting money for drugs for anyone else, we held that the evidence was insufficient to establish a conspiracy to possess with intent to distribute cocaine. United States v. Brown, 872 F.2d 385, 391 (11th Cir. 1989).

Contrarily, we have held that an "agreement may be inferred when the evidence shows a continuing relationship that results in the repeated transfer of illegal drugs to the purchaser." United States v. Mercer, 165 F.3d 1331, 1335 (11th Cir. 1999). For example, where the buyers (1) were among the sellers' best customers, (2) maintained a close relationship with the sellers, (3) bought on many occasions, and (4) were important to the success of the sellers' operation, the evidence was sufficient to sustain a conspiracy conviction. Bascaro, 742 F.2d at 1359.

Here, the Government presented testimony from Lawston's co-conspirator that he and Lawston conducted multiple transactions for amounts of cocaine consistent with distribution. To demonstrate Lawston's intent to traffick drugs, the Government introduced evidence that Lawston had previously been involved with drug dealing. Taking the evidence in the light most favorable to the Government, we readily conclude that the district court did not err in denying Lawston's motion for judgment of acquittal.

## II.

3

Generally, we review a district court's admission of evidence of a defendant's prior bad acts under Rule 404(b) for abuse of discretion. United States v. Jernigan, 341 F.3d 1273, 1280 (11th Cir. 2003). However, where, as here, the defendant fails to object to the admission of the evidence, we review the admission for plain error. Id. Under plain error review, we only may reverse if (1) there was error that (2) was plain, (3) affected the party's substantial rights, and (4) "seriously affected the fairness of the judicial proceedings." Id. at 1289.

Rule 404(b) provides: "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident . . . ." We employ the following three-part test in determining whether evidence of extrinsic bad acts is admissible under Rule 404(b):

> First, the evidence must be relevant to an issue other than the defendant's character. Second, as part of the relevance analysis, there must be sufficient proof so that a jury could find that the defendant committed the extrinsic act. Third, the evidence must possess probative value that is not substantially outweighed by its undue prejudice, and the evidence must meet the other requirements of [Fed. R. Evid.] 403.

Jernigan, 341 F.3d at 1280.[1]

_____

[1] Because Lawston has not challenged the sufficiency of the evidence to prove the prior acts, we need not consider the second prong. See United States v. Matthews, 431 F.3d 1296,

Lawston pled not guilty to the charged offense; therefore, his intent to commit the offense became a material issue in the case. United States v. Hernandez, 896 F.2d 513, 522 (11th Cir. 1990). Evidence of a crime similar to the one charged is relevant to proving intent. United States v. Montes-Cardenas, 746 F.2d 771, 780 (11th Cir. 1984). Moreover, evidence of prior drug dealings is highly probative of intent to engage in drug trafficking later on. United States v. Diaz-Lizaraza, 981 F.2d 1216, 1224 (11th Cir. 1993). In assessing the third prong of the Rule 404(b) test, "a court should consider the differences between the charged and extrinsic offenses, their temporal remoteness, and the government's need for the evidence to prove intent." Id. at 1225 (internal quotation marks and citations omitted).

In this case, the Rule 404(b) evidence consisted of drug dealing six months prior to the charged conspiracy; the evidence was highly probative of Lawston's intent to engage in that conspiracy. At the same time, the court recognized the possibility that the jury might find Lawston guilty of the charged conspiracy based on that evidence alone, and so it gave the jury a limiting instruction. Given these circumstances, we would be hard put to find plain error.

---

1311 n. 14 (11th Cir. 2005) (holding that where an appellant does not challenge the sufficiency of the evidence supporting the extrinsic act, the second prong of the test does not need to be considered.).

Lawston's conviction is due to be and is

**AFFIRMED.**